Charles E. CHAUVIN, Petitioner,

v.

DEPARTMENT OF the
NAVY, Respondent.

No. 94–3154.

United States Court of Appeals,
Federal Circuit.

Oct. 18, 1994.

Robert Atkins, Berkeley, CA, submitted, for petitioner.

Steven J. Gillingham, Trial Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, submitted, for respondent. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen and James M. Kinsella, Directors.

Before PLAGER, LOURIE, and RADER, Circuit Judges.

LOURIE, Circuit Judge.

Charles E. Chauvin petitions for review of the December 7, 1993 decision of the Merit Systems Protection Board affirming his demotion by the Department of the Navy. *Chauvin v. Department of Navy*, 59 M.S.P.R. 675 (1993). Because Chauvin's demotion was based upon two distinct charges, and one of the charges was not supported by substantial evidence, we affirm-in-part, reverse-in-part, and remand.

## BACKGROUND

Chauvin worked as a night-shift Shipfitter Foreman at the Mare Island Naval Shipyard. His duties included overseeing scrap metal storage bins. One evening in November, 1989, Chauvin took a scrap metal plate from a storage bin, cut the plate to fit the bed of his 1953 Ford pickup truck, and put the plate in the truck. When questioned by police at the shipyard later that night, Chauvin stated that he intended to obtain a property pass from his superintendent the next morning before removing the plate from the shipyard.

The Navy charged Chauvin with "unauthorized possession and attempted removal of Government property." Based on these charges, the Navy demoted Chauvin to a non-supervisory position, Shipfitter, on May 9, 1990. Chauvin appealed his demotion to the board.

The Administrative Judge (AJ) accepted as credible Chauvin's explanation that he intended to remove the plate from the shipyard only upon obtaining authorization. The AJ determined that the Navy charged Chauvin with a single offense containing two elements, and that the second element (attempted removal) required proof of intent to remove the plate from the shipyard without authorization. In an Initial Decision dated September 20, 1990, the AJ reversed the Navy's action because the Navy had not proved that Chauvin possessed the requisite intent.

The board, with one member dissenting, reversed the AJ's Initial Decision. In its December 7, 1993 Opinion and Order, the board majority, like the AJ, assumed there was a single charge containing two elements. The board majority found that Chauvin had admitted unauthorized possession of government property. The board majority also found that Chauvin's testimony that he did not intend to remove the property from the shipyard without authorization was not credible. The majority held that Chauvin's actions created an unrebutted inference that he attempted to remove the plate without authorization and that, regardless whether a showing of intent was necessary, Chauvin's actions demonstrated the requisite intent. One board member dissented on the ground that

there were two separate charges and the Navy had not established the attempted removal charge because it had failed to prove that Chauvin intended to remove the plate from the shipyard without authorization.

## DISCUSSION

Under our narrow standard of review, we affirm decisions of the board unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).

■■■ Chauvin argues that the board majority erred in considering there to be a single charge against him. He asserts that his demotion was effectively based upon two distinct charges: (1) unauthorized possession of the metal plate, and (2) attempted removal of the plate from the shipyard. We agree. When a single stated charge contains two separate acts of misconduct that are not dependent upon each other and that do not comprise a single, inseparable event, each act constitutes a separate charge. *See, e.g., Coyle v. Department of Treasury,* 62 M.S.P.R. 241, 245 (1994). The charges cited in the deciding official's letter, "unauthorized possession and attempted removal of Government property," describe two separate acts of misconduct that are not dependent upon each other and that do not comprise a single, inseparable event. One can improperly possess an item without attempting to remove it, and, conversely, one can improperly attempt to remove an item even though one properly has possession of it. The allegation that Chauvin possessed the plate without authorization is thus factually and legally distinct from the allegation that he attempted to remove the plate from government premises.[1] The board incorrectly analyzed the charges as a single act of misconduct.

Having concluded that the Navy charged Chauvin with two distinct offenses, we must determine whether each charge is sustainable. We are satisfied that substantial evidence supports the board's finding that Chauvin possessed the plate without authorization. Chauvin has not convinced us that the board, after considering the relevant facts, erred in sustaining the charge of unauthorized possession of government property. We therefore affirm the board's decision insofar as it upholds that charge.

■■■ As to the attempted removal charge, Chauvin argues that the board erred in sustaining that charge because he lacked the requisite intent to remove the plate from the shipyard. The Navy concedes that Chauvin did not intend to remove the plate from the shipyard, but argues that proof of such intent was not required to support the charge. We agree with Chauvin.

The Navy can point to no law, regulation, or court decision supporting its position that intent is not a necessary element of a charge of "attempted removal of Government property."[2] Although the Navy's Table of Penalties does not define "attempted removal," the Table explicitly refers to *Black's Law Dictionary* for the definition of another listed offense. According to *Black's,* "In statutes and in cases other than criminal prosecutions an 'attempt' ordinarily means an *intent* combined with an act falling short of the thing intended." *Black's Law Dictionary* 127 (6th ed.1990) (emphasis added). Logically, intent is an important element of proof in an "attempt" charge, because, if the improper act, *e.g.,* removal, had not yet occurred, it is difficult to determine whether a removal was

---

1. The Navy's Table of Penalties lists prohibited conduct, including "Unauthorized possession (including actual or attempted wrongful removal from its proper location) of government property." We do not interpret the table as defining "unauthorized possession" and "attempted removal" to be the *same* offense, although they may be related.

2. The Navy cites decisions holding that charges of unauthorized possession or removal of government property do not require proof of intent. *See, e.g., Castro v. Department of Defense,* 39 M.S.P.R. 555, 557 n. 1 (1989) ("An agency is not required to prove intent as part of a charge of unauthorized removal."). However, Chauvin was charged not only with unauthorized possession of government property, but also with "attempted removal" of the property. The decisions relied upon by the Navy are inapposite to the "attempt" charge.

in fact being undertaken and thus whether an attempt had occurred without making a finding on intent. We therefore conclude that the charge of attempted removal of government property requires proof that Chauvin intended to remove the plate from the shipyard without authorization.[3]

■ The AJ concluded that Chauvin did not intend to remove the plate from the shipyard without authorization. Specifically, the AJ found that scrap metal was commonly used for non-production and personal uses at the shipyard; that Chauvin did not attempt to conceal the plate in his truck, which was parked near a security gate in the shipyard parking lot; that Chauvin testified in a "consistent and credible" manner; and that Chauvin's explanation was corroborated by a written statement of a co-worker, who stated that prior to the date of the incident Chauvin informed him that he intended to obtain a property pass to borrow a piece of scrap metal for his truck. The board majority, disbelieving Chauvin's testimony, substituted its contrary finding. Chauvin argues that the board majority erred in reversing the AJ's credibility finding.

■ We agree. The board is not free simply to disagree with an AJ's assessment of credibility. *Jackson v. Veterans Admin.*, 768 F.2d 1325, 1331 (Fed. Cir.1985). Rather, the board must give special deference to the AJ's factual findings that are based, expressly or implicitly, on the demeanor of a witness. *Id.* When the board reverses such a finding, we cannot sustain the decision on appeal unless the board has articulated sound reasons, based on the record, for its contrary evaluation of the testimonial evidence. *Id.*

Here, the board majority cited the Navy's policy prohibiting personal use of government property, Chauvin's position as a supervisor, and his actions in cutting the plate and placing it in his truck. None of these factors, however, is inconsistent with Chauvin's explanation that he planned to remove the plate from the shipyard only if his supervisor granted him a property pass. They are not

probative of the charge of attempted removal. Also, whether a property pass would have been granted does not show lack of intention to obtain one. The evidence cited by the board thus fails to rebut Chauvin's consistent and corroborated explanation for his having placed the plate in his truck. Moreover, the board majority's finding is inconsistent with the Navy's admission during discovery that it did not contend that Chauvin intended to remove the plate from the shipyard without a property pass. We conclude, as did the dissenting board member, and as the Navy now concedes, that the board majority did not articulate a sufficient reason for its disbelief of Chauvin's testimony. *See Jackson*, 768 F.2d at 1331 ("[E]vidence in the record which, when taken alone, may amount to 'substantial evidence' and therefore support the Board's decision, will often be insufficient when the trial examiner has, on the basis of the witnesses' demeanor, made credibility determinations contrary to the board's position.") (quoting *Penasquitos Village, Inc. v. National Labor Relations Bd.*, 565 F.2d 1074, 1078 (9th Cir.1977)).

■ Given the deference that should have been afforded the AJ's credibility-based finding concerning Chauvin's intent, and the Navy's admission that it did not allege that Chauvin intended to remove the plate from the shipyard without authorization, we cannot agree that a reasonable fact-finder would have found that Chauvin intended to take that action. *See Jackson*, 768 F.2d at 1332. Because the Navy failed to prove intent, an essential element of the attempted removal charge, the board's decision sustaining the charge is not supported by substantial evidence. *See Burroughs v. Department of Army*, 918 F.2d 170, 172 (Fed.Cir.1990) ("If the agency fails to prove one of the elements of its charge, then the entire charge must fail."). We therefore reverse the board's decision insofar as it sustains the charge of attempted removal of government property.

---

**3.** We also reject the Navy's argument on appeal that the charge referred to Chauvin's removal of the plate *from the storage bin.* When asked on cross-examination what was meant by "attempt-

ed removal of Government property," the Navy's deciding official responded, "attempted removal of government property *from the shipyard.*"

As a final matter, Chauvin argues that his penalty must be reduced because the Navy did not prove one of the two charges upon which his demotion was based. The dissenting board member would reduce the penalty to a 30–day suspension. However, we are not prepared to decide that matter ourselves; we are persuaded that a remand is necessary for the board to determine whether the penalty should be reduced in light of our reversal of the charge of attempted removal of government property.[4] The agency or the board is a more suitable body for determination of penalties. On remand, the board is directed to consider the relevant *Douglas* factors and determine an appropriate penalty for the sustained charge.

## CONCLUSION

We affirm the board's decision insofar as it sustains the Navy's charge of unauthorized possession of government property. We reverse the board's decision insofar as it sustains the Navy's charge of attempted removal of government property. The case is remanded for determination of the appropriate penalty.

## COSTS

Each party shall bear its own costs.

***AFFIRMED–IN–PART, REVERSED–IN–PART, AND REMANDED.***

---

**4.** In MSPB cases, the first factor relevant to determining an appropriate penalty is "[t]he nature and seriousness of the offense ... including whether the offense was intentional or technical or inadvertent." *Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280, 305 (1980). Here, because the board majority seriously misconstrued the nature of the charges against Chauvin, we believe the board's error was not harmless and thus a remand is appropriate. *See Kline v. Department of Transp., Federal Aviation Admin.*, 808 F.2d 43, 46 (Fed.Cir.1986) (remanding case to the board for consideration of *Douglas* factors, even though the charge affirmed on appeal may have warranted the penalty sustained by the board).