86 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert PECINA, Sr., Petitioner,
v.
DEPARTMENT OF ARMY, Respondent.
 No. 95-3695.
 United States Court of Appeals, Federal Circuit.
 May 14, 1996
 
 Before MAYER, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Pecina, Sr., petitions for review of the decision of the Merit Systems Protection Board, No. DA0752940330-B-1, affirming his removal from the Department of the Army for his inability to perform the essential duties of his position and failing to follow proper procedures for requesting and obtaining leave. The initial decision became final on June 13, 1995, when the full board denied his petition for review. We affirm.
 
 
 2
 We review the board's decision within precisely defined statutory limits. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We must affirm the board's decision affirming Pecina's removal unless it is demonstrated to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Pecina has not met this burden.
 
 
 3
 Pecina first argues that the finding that he failed to follow proper procedures for requesting and obtaining leave is unsupported by substantial evidence. However, he offers nothing in support of this conclusory statement, and we see no error in the board's finding. Following Pecina's prolonged absence from work, his supervisor, by letters dated September 8 and 22, 1993, and October 18, 1993, ordered him to report for work or provide a justification for his absence, and twice requested medical information about the nature and seriousness of his injury, his medical limitations, and his prognosis. He also was told that his failure to comply with these requests would lead to his removal. Moreover, Pecina was required by the collective bargaining agreement to contact his supervisor personally at least once every seven days during his absence. In rejecting the argument that he met these requirements, the board found his testimony to be "vague" and "uncorroborated," and in one instance, supported by "no evidence." In sum, the board did not find Pecina to be a credible witness, in contrast to the "candid, consistent" testimony of the agency's witnesses. Such credibility determinations are "virtually unreviewable" here. See Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 4
 Pecina also challenges the Army's decision to remove him in lieu of other alternatives. He does not quarrel with the board's finding that he is unable to perform his essential duties because of his back ailments. Rather, he argues that his removal on account of such ailments was arbitrary and capricious because other similarly situated employees had not been removed; they had been placed on leave without pay (LWOP). However, Pecina has not carried his burden of identifying those similarly situated employees who had received disparate treatment. The board found that no law, rule, regulation, or collective bargaining agreement provision required the Army to maintain him in LWOP status, and Pecina has cited no such authority to us. While he cites to 5 C.F.R. § 1201.56(c)(3), which defines "harmful error," and Stephen v. Department of Air Force, 47 M.S.P.R. 672 (1991), in arguing that the agency committed harmful error in removing him, he has not met the threshold test of establishing any error at all by the agency in applying its removal procedures. Based on the record evidence and the fact that the board found that the agency properly considered the pertinent factors in deciding to remove Pecina, see Chauvin v. Department of Navy, 38 F.3d 563, 567 (Fed.Cir.1994), there was no error in sustaining the agency's action.