NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH TOMPKINS,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2009-3219

---

Petition for review of the Merit Systems Protection Board in AT0752090033-I-1.

---

Decided: January 19, 2011

---

ALLISON M. BLACK MCIVER, The McIver Law Group, of Lawrenceville, Georgia, argued for petitioner. On the brief was WAYNE A. J. WATTLEY.

MICHAEL J. ELSTON, Office of the General Counsel, United States Postal Services, of Washington, DC, argued for respondent. On the brief was LORI J. DYM, Chief Counsel. Of counsel was Michelle A. Windmueller.

---

Before LOURIE, SCHALL, and BRYSON, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## DECISION

Kenneth Tompkins petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the United States Postal Service ("Postal Service" or "agency") removing him from the position of Mail Handler, PS-4. *Tompkins v. United States Postal Service*, No. AT-0752-09-0033-I-1 (M.S.P.B. Apr. 22, 2009) ("*Final Decision*"). We *affirm.*

## DISCUSSION

### I.

Mr. Tompkins was employed at the Postal Service's Atlanta Processing and Distribution Center in Atlanta, Georgia. He was removed from his position based upon the charge of "improper conduct: unauthorized opening, obstruction, and possession of the mail." The charge grew out of an incident in which, the agency alleged, Mr. Tompkins removed a camcorder from the mail, possessed it without authorization, and converted it to his own use.

Mr. Tompkins timely appealed his removal to the Board. Before the Board, the parties stipulated that Mr. Tompkins had obstructed the mail and that he had engaged in the unauthorized possession of the mail when he removed the camcorder from the postal facility and took possession of it for his own use. Following a hearing, the administrative judge ("AJ") sustained the removal. *Tompkins v. United States Postal Service*, No. AT-0752-09-0033-I-1 (Feb. 6, 2009) ("*Initial Decision*").

The AJ viewed the charge against Mr. Tompkins as consisting of three distinct acts or specifications, one of which described an alleged unauthorized opening of the

mail, the second of which described an alleged obstruction of the mail, and the third of which described an alleged unauthorized possession of the mail. *Initial Decision*, slip op. at 9. The AJ stated that, under these circumstances, proof of any one of the acts or specifications was enough to sustain the charge of improper conduct. *Id.* Although the AJ found that the Postal Service had failed to meet its burden of proving the unauthorized opening of the mail, he determined that, based upon the parties' stipulation, the specifications of obstruction of the mail and unauthorized possession of the mail were sustained. *Id.* at 10. After rejecting Mr. Tompkins's charge of harmful procedural error by the agency, he also determined that the Postal Service had not abused its discretion in imposing the penalty of removal. *Id.* at 14, 16.

The *Initial Decision* became the final decision of the Board on April 22, 2009, when the Board denied Mr. Tompkins's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). Mr. Tompkins raises three arguments on appeal. We address them in turn.

A.

Mr. Tompkins's first argument is that the AJ erred as a matter of law in viewing the charge of improper conduct as consisting of three separate acts or specifications, rather than as one allegation with three elements. Mr. Tompkins argues that, if the AJ had correctly viewed the charge as a single allegation with three elements, the agency would have had to prove each element in order for the charge to be sustained. *See, e.g.*, *Edwards v. Dep't of the Navy*, 62 M.S.P.R. 174, 178-79 (1994). As noted, the AJ found that the Postal Service had failed to prove that Mr. Tompkins had opened the package containing the camcorder. Therefore, Mr. Tompkins reasons, the Board erred in sustaining the charge against him because one of three elements of the charge was not established.

However, where a single charge consists of three separate acts or specifications of misconduct "that are not dependent upon each other and that do not comprise a single, separable event," each act or specification constitutes a separate charge. *Chauvin v. Dep't of the Navy*, 38 F.3d 563, 565 (Fed. Cir. 1994). In such a case, the agency need only prove one of the specifications in order to have the charge sustained. *See, e.g.*, *Lachance v. Merit Sys. Prot. Bd.*, 147 F.3d 1367, 1371 (Fed. Cir. 1998) ("'[W]here more than one event or factual allegation is set out to support a single charge . . . , proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge.'") (quoting *Burroughs v. Dep't of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990)).

We see no error in the AJ's ruling with respect to the charge against Mr. Tompkins. Each of the three acts which the Postal Service alleged against Mr. Tompkins involved separate and distinct activity which could be undertaken without performing either of the other two

acts.  On a related matter, we also see no error in the AJ's declining to rule on the issue of the agency's charge prior to the hearing.  An AJ is given broad discretion in procedural matters.  *Turner v. Merit Sys. Prot. Bd.*, 805 F.2d 241, 245 (Fed. Cir. 1986).  There was no abuse of that discretion here.  In any event, in view of the parties' stipulation that Mr. Tompkins obstructed the mail and possessed the camcorder without authorization for his own personal use, it is most difficult to discern how any error on the part of the AJ in this regard could have affected the outcome of the case.

B.

Mr. Tompkins's second argument is that the Postal Service committed harmful procedural error in the removal process.  Specifically, he contends that the agency improperly failed to issue him an emergency placement letter prior to his being interviewed by investigators from the Office of Inspector General ("OIG").  According to Mr. Tompkins, had he been issued such a letter before his interview, he would have been in a better position to defend himself against the agency's charge.  The AJ rejected this argument on two grounds.  First, he found that Mr. Tompkins had failed to demonstrate that the Postal Service was required to issue an emergency placement letter.  Second, he found that, even assuming the Postal Service did violate its procedures, Mr. Tompkins had failed to show that the error was harmful.

We agree with the AJ that Mr. Tompkins failed to demonstrate harmful procedural error in the removal process.  Harmful error is error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence of the error or different from the one that it would have reached if the error

had been cured. *See* 5 C.F.R. § 1201.56(c)(3). The appellant has the burden of proving that a given error was harmful. 5 U.S.C. § 7701(c)(2); *Diaz v. Dep't of the Air Force*, 63 F.3d 1107, 1109 (Fed. Cir. 1995).

The provision to which Mr. Tompkins points, Article 16.7 of the Interpretation Manual for the Contract between the Postal Service and the National Postal Mail Handlers Union states in relevant part that "an employee placed on emergency off-duty status is entitled to written notice of the reasons within a reasonable period of time." Mr. Tompkins, however, has not directed us to any language stating that the Postal Service was required to issue an emergency placement letter (with a notice of charges) before the OIG investigators talked to him. Indeed, it strikes us as illogical to impose such a requirement because there are, no doubt, many instances in which charges are not brought against an employee until after he or she is interviewed by agency investigators. Moreover, Mr. Tompkins failed to come forward with any evidence suggesting that the Postal Service would not have pursued the removal action if it had issued an emergency placement letter.

## C.

Mr. Tompkins's final argument is that, in imposing the penalty of removal, the agency abused its discretion. He contends that Vanessa Bailey, the Postal Service's deciding official, failed to consider his potential for rehabilitation or the adequacy and effectiveness of alternative sanctions, two of the twelve so-called *Douglas* factors. *See Douglas v. Veterans Admin.*, 5 M.S.P.R. 280 (1981).

We do not think the Postal Service abused its discretion in removing Mr. Tompkins from his position. Having reviewed the record, we are satisfied that Ms. Bailey in fact considered the possibility of rehabilitation but re-

jected it given the seriousness of Mr. Tompkins's offenses. We also are satisfied that the penalty of removal was entirely reasonable in this case. It is undisputed that Mr. Tompkins obstructed the mail, that he possessed the camcorder without authorization, and that he converted the camcorder to his own use. It goes without saying that Mr. Tompkins's actions, which amounted to theft from the mail, were most serious. They frustrated the mission of the Postal Service and also had a direct impact on the trust that customers of the Postal Service are entitled to have in the agency.

## III.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.

*AFFIRMED*