**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT E. YOUNG,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
CH-0752-13-2103-B-1

DATE: October 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donna Drake, Markham, Illinois, for the appellant.

Deborah L. Lisy, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand initial decision, which sustained his reduction in grade and pay.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective November 6, 2010, the agency reduced the appellant in grade and pay from his position as EAS-17 Supervisor, Distribution Operations, to the position of Part-time Flexible City Carrier, Level CC-1. The agency charged that, on seven occasions between January 23, and April 8, 2010, the appellant improperly recorded and adjusted an employee's time in the Time and Attendance Collection System (TACS), resulting in his being paid for hours he was not present at the work site. *Young v. U.S. Postal Service*, MSPB Docket No. CH-0752-13-2103-I-1, Initial Appeal File (IAF), Tab 7 at 8-15, 16-20, 21. The appellant filed an equal employment opportunity (EEO) complaint in which he alleged that the agency's action was due to discrimination based on age and sex. *Id.* at 22-25. After the agency issued a final agency decision finding no discrimination, *id.* at 26-38, the appellant filed an appeal with the Equal Employment Opportunity Commission's Office of Federal Operations, which dismissed it as improperly filed, *id.* at 39-42. The appellant then filed an appeal with the Board,[2] which the administrative judge dismissed as untimely filed. IAF, Tab 12, Initial Decision at 2, 9. On review, however, the full Board reversed that finding and remanded the case for adjudication on the merits.

---

[2] The appellant requested a hearing before the Board. IAF, Tab 1 at 2.

*Young v. U.S. Postal Service*, MSPB Docket No. CH-0752-13-2103-I-1, Remand Order at 2, 4 (June 6, 2014).

¶3  During the remand proceeding, the appellant challenged the merits of the agency's action and alleged that the penalty was too severe. Remand File (RF), Tab 17. He also added a claim of race discrimination. RF, Tab 18.

¶4  Following a hearing, the administrative judge issued a remand initial decision in which she sustained the agency's action. RF, Tab 22, Remand Initial Decision (RID) at 2, 20. After considering the hearing testimony and documentary evidence, RF, Tab 6 at 94-102, 116-37; RID at 3-11, she found that, on all seven occasions, the appellant manually input end tour (ET) clock rings for D.L., the Mail Handler employee in question, while he was absent from his assignment and outside of the building without his authorization, resulting in his being paid for time he did not work,[3] RID at 12. As such, the administrative judge sustained all specifications and the charge of improper recording and adjusting of an employee's time in TACS. RID at 12-14. The administrative judge also found a nexus between the sustained misconduct and the efficiency of the service. RID at 14-15. She considered the appellant's affirmative defenses of age, race, and sex discrimination, but found that, other than asserting his own beliefs and bare allegations, he had presented no credible supporting evidence, and therefore failed to prove his claim of discrimination. RID at 15-17. Finally, the administrative judge found that the reduction in grade and pay is a reasonable penalty for the sustained charge. RID at 17-30.

¶5  The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 5, and the appellant has filed a reply thereto, PFR File, Tab 6.

---

[3] The agency subsequently removed D.L. based on a charge of "Unacceptable Conduct/Unauthorized Absences from Assignment Without Authorization on 27 Occasions." RAF, Tab 17 at 16-21. Seven of those 27 occasions formed the basis for this action against the appellant.

¶6        On review, the appellant argues that the administrative judge erred in sustaining the charge. The appellant acknowledges that he "input" D.L.'s time on the occasions in question, but alleges that he did not "adjust" the time because he did not make any changes to it.[4] PFR File, Tab 1 at 4. The nature of an adverse action charge should be construed in light of the accompanying specifications and circumstances. *George v. Department of the Army*, 104 M.S.P.R. 596, ¶ 7 (2007), *aff'd*, 263 F. App'x 889 (Fed. Cir. 2008). When a single stated charge contains two separate acts of misconduct that are not dependent upon each other and that do not comprise a single, inseparable event, each act constitutes a separate charge. *Chauvin v. Department of the Navy*, 38 F.3d 563, 565 (Fed. Cir. 1994). That is not the case here. The narrative in the proposal notice makes clear the agency's claim that, when the appellant input incorrect entries, he thereby adjusted or changed the TACS report to reflect that D.L. worked hours that he did not, resulting in his receiving pay to which he was not entitled. IAF, Tab 7 at 8-13. The administrative judge found that, when the appellant input the incorrect entries, he did "adjust" D.L.'s time, changing it from what otherwise would have resulted in an error in the TACS report and no pay for an employee who was not working, to an entry that resulted in what looked like an errorless TACS report and pay for an undeserving employee. RID at 12, 14. In ascribing no weight to the appellant's contention that he only input D.L's time, but did not adjust it on the dates identified in the proposal notice, the administrative judge considered the appellant's admissions and what the administrative judge found were implausible and materially inconsistent explanations for the appellant's

---

[4] In the same vein, the appellant challenges the administrative judge's statement that he initially stipulated to all seven specifications, although he later rescinded the part of the stipulation related to the last specification, January 23, 2010. RID at 3; Hearing Transcript at 93-95, 176-77; PFR File, Tab 1 at 6 n.2. The appellant argues that he only stipulated to having input incorrect information regarding D.L. into the TACS, not to having adjusted D.L.'s time. PFR File, Tab 1 at 6.

actions.[5]  RID at 12; *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).  To the extent the appellant challenges the administrative judge's credibility findings in this regard, the appellant's mere disagreement does not warrant full review of the record by the Board.  *See Gager v. Department of Commerce*, 99 M.S.P.R. 216, ¶ 5 (2005).

¶7        The appellant further challenges the administrative judge's reliance on several agency witnesses' testimony that the appellant improperly entered ET clock rings for D.L. when he had neither personal knowledge that D.L. had actually worked the hours nor a Postal Service (PS) Form 1260, Non-Transactor Card, generated from a supervisor to substantiate D.L.'s ET time.  PFR File, Tab 1 at 9; RID at 5 (testimony of proposing official, Hearing Transcript (HT) at 72), 6 (testimony of deciding official, HT at 154).  The administrative judge credited these witnesses, finding their testimony consistent with one another and with the record evidence, and she particularly found that the proposing official's demeanor while testifying to be forthright and direct and not impeached on cross-examination.  RID at 13.  The administrative judge also noted that the appellant's own witness testified similarly to the consistent practice of using the PS-1260 when making changes in the TACS, RID at 13-14 (testimony of supervisor J.M, HT at 201, 208, 214), and the administrative judge found that witness credible as well, RID at 13.  Based on the appellant's arguments on review, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (discussing that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so).  We conclude therefore that the appellant has not shown error in the

---

[5] The administrative judge considered the appellant's inconsistent responses during the three pre-disciplinary interviews that the agency conducted, and in his written reply to the charge, the summary of his oral reply, and his hearing testimony.  RID at 10-14.

administrative judge's finding that the agency proved that he improperly recorded and adjusted an employee's time in TACS.

¶8     The appellant also disputes on review the administrative judge's finding that he did not establish his claims of discrimination based on age, race, and sex. In particular, the appellant argues that former supervisor J.M., identified only as an Asian female, RF, Tab 21 at 9, also adjusted D.L.'s time without following proper procedures but was not disciplined, and that other supervisors input clock rings for D.L., but also were not disciplined, PFR File, Tab 1 at 24-25. In considering this claim, the administrative judge found that, on a single occasion, J.M. did adjust D.L.'s time, but only to disallow unauthorized overtime he did not earn, and that therefore she and the appellant were not similarly situated. And, in response to the appellant's claim regarding other supervisors, the administrative judge found that the appellant failed to specifically identify any supervisor or manager who, like the appellant, repeatedly entered ET for undeserving craft employees. RID at 15. Although the appellant asserts on review that both the proposing and deciding officials testified that they were aware of other supervisors who committed similar acts as the appellant, PFR File, Tab 1 at 24, a review of their testimony does not support his claim, HT at 113 (testimony of proposing official that "it's possible" that another supervisor provided an ET for D.L.); 160 (testimony of deciding official that it is "a problem" if a supervisor "just fixed what was wrong" with employees' entries for out lunch or in lunch). Neither the proposing nor the deciding official testified that J.M. or any other supervisor input and adjusted an employee's time, resulting in his being paid for time he did not work. We therefore find that the appellant has not shown that the administrative judge erred in finding that the appellant failed to present any direct evidence of age, race, or sex discrimination. RID at 15-16.

¶9     In finding that the appellant failed to establish discrimination by circumstantial evidence, the administrative judge found that he did not demonstrate that the agency's stated reason for its action was a pretext for

discrimination, or, as to the appellant's claim of age discrimination, that age was a factor in the agency's action. RID at 16. Other than his argument on review that J.M. was a proper comparator employee who was treated less harshly, an argument we have considered but, like the administrative judge, have rejected, the appellant has failed to show error in the administrative judge's findings regarding his discrimination claim.[6]

¶10    Finally, the appellant argues on review that the administrative judge erred in upholding the reduction in grade and pay penalty. PFR File, Tab 1 at 21-24.

¶11    Where, as here, the agency's charge is sustained, the Board will modify an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), or the penalty imposed clearly exceeded the bounds of

---

[6] The administrative judge referenced the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), in analyzing the appellant's discrimination claim. RID at 16. After this initial decision was issued, the Board issued *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 46 (2015), in which it determined that that framework has no application to our proceedings. Rather, the Board in *Savage* reaffirmed that it will adhere to the test set forth in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977), in cases involving discrimination or retaliation allegations under 42 U.S.C. § 2000e-16. *Savage*, 122 M.S.P.R. 612, ¶ 50. Specifically, where an appellant asserts such an affirmative defense, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. In making his initial showing, an appellant may rely on direct evidence or any of the three types of circumstantial evidence described in *Troupe v. May Department Stores Company*, 20 F.3d 734, 736-37 (7th Cir. 1994) (holding that evidence of suspicious timing, ambiguous oral or written statements, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn, comparator evidence, and evidence that the agency's stated reason for its action is a pretext for discrimination). If the appellant meets that burden, the Board then will inquire whether the agency has shown by preponderant evidence that the action was not based on the prohibited personnel practice, i.e, that it still would have taken the contested action in the absence of the discriminatory motive, and, if the Board finds that the agency has made that showing, its violation of 42 U.S.C. § 2000e-16 will not require reversal of the action. *Savage*, 122 M.S.P.R. 612, ¶ 51. Application of *Savage* to the facts of this case similarly results in a finding that the appellant failed to establish his claims of discrimination.

reasonableness, *Jacoby v. U.S. Postal Service*, 85 M.S.P.R. 554, ¶ 15 (2000). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management judgment has been exercised properly and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Douglas*, 5 M.S.P.R. at 306. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010). The Board will defer to the agency's penalty determination unless the deciding official failed to appropriately consider the relevant factors. *Id.*

¶12    The Board has articulated factors to be considered in determining the propriety of a penalty, such as, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities, including whether the offense was intentional or was repeated frequently. *Singletary v. Department of the Air Force*, 94 M.S.P.R. 553, ¶ 12 (2003), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004). Other relevant factors may include the employee's past discipline, his past work record, the effect of the offenses on his ability to perform his duties, consistency with the agency's Table of Penalties, the employee's potential of rehabilitation, and any mitigating circumstances. *Douglas*, 5 M.S.P.R. at 305-06.

¶13    The deciding official indicated that he considered, first and foremost, the seriousness of the offense and its relation to the appellant's position as a supervisor, his ability to properly administer employees' time and attendance, his responsibility to fairly compensate agency employees, and his repeated failure to do so. The deciding official also considered the impact of the offense upon the

agency and its employees, the fact that the appellant was on clear notice of the rules of time and attendance based on training records that reflect an extensive history of TACS training for supervisors and managers, and the deciding official's lack of trust and confidence in the appellant's ability to properly administer time for agency employees. IAF, Tab 7 at 18. The deciding official also considered mitigating factors, including the appellant's 22 years of service to the agency, 11 as a supervisor, and his potential for rehabilitation as evidenced by his having ultimately admitted to the misconduct and expressed remorse. The deciding official concluded that a reduction to craft was a reasonable penalty. *Id.* His testimony was in accord. HT at 155-58. In upholding the penalty, the administrative judge found that the deciding official gave adequate consideration to all of the relevant penalty factors. RID at 19.

¶14    The appellant argues on review that the administrative judge failed to consider as a mitigating factor the fact that the appellant was not properly trained "for clock ring errors." PFR File, Tab 1 at 22. The agency submitted a copy of the appellant's training records that include an entry, at around the time of the charged misconduct, for "Function 1 Clock Ring Procedures," RF, Tab 6 at 148, and the deciding official testified that TACS also was included as a part of other training the appellant received, HT at 168-69. The appellant also argues on review that he did not act intentionally or for gain, PFR File, Tab 1 at 22, although the deciding official did not consider that he had, IAF, Tab 7 at 18. Finally, the appellant notes that the agency allowed him to continue to supervise for a period of time after the charged misconduct. PFR File, Tab 1 at 23. Notwithstanding, it is well established that the Board's review of an agency-imposed penalty is essentially to assure that the agency did conscientiously consider the relevant factors and did strike a responsible balance within tolerable limits of reasonableness. *Douglas*, 5 M.S.P.R. at 306. Under these circumstances, we agree with the administrative judge that the agency's

selection of the reduction in grade and pay penalty was a proper exercise of managerial judgment and did not exceed the limits of reasonableness.[7]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.[8]

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

---

[7] With his petition for review, the appellant has submitted new evidence that he asks the Board to consider.  PFR File, Tab 1 at 9-10.  The first document is Time is Money: Time and Attendance for Supervisors, Facilitator's Guide TD-11A (June 1999), *id.* at 29-48, and the second document is Participant's Workbook, TACS:  Time and Attendance Collection System, Supervisor Training (Feb. 23, 2001), *id.* at 52-60.  The appellant asserts that the Board should consider these documents rather than the exhibit the agency submitted below, Time is Money:  Time and Attendance for Supervisors, Facilitator's Guide TD-11A (Apr. 2014).  RF, Tab 16 at 66-74.  The appellant failed to challenge this document below, and therefore cannot be heard to do so now.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  Moreover, the proffered documents themselves are not new.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (discussing that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  Therefore, we have not considered them.

[8] The administrative judge did not, in her remand initial decision, afford the appellant the mixed-case appeal rights to which he was entitled by virtue of his claims of discrimination that the administrative judge adjudicated.  RID at 24-25.  We provide those rights now.

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                                    _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.