**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CAMILO GARCIA,
        Appellant,

      v.

DEPARTMENT OF HOMELAND
   SECURITY,
        Agency.

DOCKET NUMBER
DA-0752-16-0324-I-1

DATE:  January 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Malinda A. Gaul</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Tania Bryant</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision AS MODIFIED by this order to find that the agency proved one of two charges of violation of agency policy, to clarify the standard applied to the appellant's claim that he was subjected to a disparate penalty in accordance with *Singh v. U.S. Postal Service*, 2022 MSPB 15, and to consider the appellant's argument of condonation in determining whether the penalty of removal falls within the tolerable limits of reasonableness, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant served as a Criminal Investigator with the agency's Office of Inspector General (OIG) in its McAllen, Texas field office. Initial Appeal File (IAF), Tab 6 at 6. In May 2012, the agency placed the appellant on administrative leave pending the outcome of a Federal Bureau of Investigation (FBI) criminal investigation and a subsequent agency OIG investigation regarding the falsification of records in preparation for a September 2011 internal inspection of the McAllen field office. IAF, Tab 8 at 4, Tab 10 at 18-20. In January 2016, the agency proposed the appellant's removal based on the following charges: (1) violation of agency policy, supported by eight specifications of misconduct; (2) unauthorized use of a law enforcement database; and (3) lack of candor, supported by four specifications of misconduct. IAF,

Tab 8 at 4-21. The appellant provided an oral and a written reply to the notice. IAF, Tab 7 at 6-14. In April 2016, the agency issued a decision sustaining the charges and removing the appellant, effective April 14, 2016. *Id.* at 4-5.

The appellant timely filed an appeal with the Board alleging that the evidence did not support the charges against him, the penalty imposed was excessive, and he was retaliated against for exercising his Fifth Amendment rights. IAF, Tab 1 at 4. Following a hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 40, Initial Decision (ID). The administrative judge found that, regarding the charge of violation of agency policy, although the agency did not establish that the appellant failed to submit eight memoranda of activity (MOA) as soon as practicable, the agency nevertheless proved its charge because the appellant submitted signed and dated MOA that did not accurately reflect the date they were completed, or did not contain a date. ID at 5-8. The administrative judge also found that the agency proved its charge of unauthorized use of a law enforcement database. ID at 9-15. The administrative judge further found that the agency proved one specification of the charge of lack of candor and sustained the charge. ID at 15-19. The administrative judge then found that the agency established a nexus between the appellant's misconduct and the efficiency of the service. ID at 19. Finally, in reviewing the penalty of removal, the administrative judge found that the appellant did not show that the agency imposed a penalty upon him that was inconsistent with the penalties imposed upon other employees for the same or substantially similar offenses, or that the agency took the removal action in retaliation for the exercise of his Fifth Amendment rights, and found the penalty within the bounds of reasonableness; accordingly, he sustained the agency's action. ID at 19-26.

The appellant has filed a petition for review of the initial decision, and the agency has filed a response opposing the petition. Petition for Review (PFR) File, Tabs 1, 3. As set forth below, although we find that the charge of violation

of agency policy is properly split into two separate charges, the administrative judge correctly sustained the second charge of violation of agency policy and properly sustained the remaining two charges. The administrative judge also properly found a nexus between the appellant's misconduct and the efficiency of the service. The administrative judge then correctly found that the appellant's misconduct was not similar to that of four other employees. Finally, despite the administrative judge's failure to consider the appellant's argument that his supervisors condoned his failure to accurately date the MOA as part of the analysis of the penalty, we find that the penalty of removal falls within the tolerable limits of reasonableness for the sustained charges.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The charge of violation of agency policy is properly split into two separate charges of violation of agency policy, and the administrative judge correctly sustained the second charge of violation of agency policy.</u>

On review, the appellant alleges that the administrative judge erred in sustaining the charge of violation of agency policy because he found that the agency failed to prove an essential element of the charge. PFR File, Tab 1 at 7-8. The appellant further alleges that the administrative judge erred by sustaining the charge on the basis that the appellant submitted MOA that reflected inaccurate dates or failed to contain a date because these acts were not elements of the charge or specifications. *Id.* at 8. Finally, the appellant alleges that the MOA used to support the specifications were approved by his supervisors, backdating MOA was a common practice, and it was not uncommon for employees to make errors on MOA. *Id.* at 8-10.

The notice of proposed removal set forth the charge of violation of agency policy and eight specifications, each of which alleged that the appellant had both failed to timely submit a MOA and had failed to accurately date the MOA. IAF, Tab 8 at 5-8. As the administrative judge found, the agency policy cited in the notice, paragraph 12.4 of the Special Agent Handbook (SAH), provided that an

MOA must be "submitted to the reporting agent's immediate supervisor for approval within five working days of the activity, or in exceptional circumstances as soon as practicable thereafter," and that MOA must be signed and dated on the date on which they are signed. ID at 5-8; *see* IAF, Tab 20 at 38-40. The administrative judge found that, although the MOA at issue were not submitted within 5 working days, the agency did not prove that the appellant failed to submit MOA as soon as was practicable after the activity described in the MOA. ID at 5-7. However, the administrative judge found that the agency demonstrated that the appellant did not accurately date seven MOA and failed to date one MOA in violation of agency policy. ID at 7-8.

The Board may not split a single charge into several independent charges and then sustain one of the newly formulated charges, which represents only a portion of the original charge. *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). If the agency fails to prove one of the elements of its charge, then the entire charge must fall. *Id.* However, when a single stated charge contains two separate acts of misconduct that are not dependent upon each other and that do not comprise a single, inseparable event, each act constitutes a separate charge. *Chauvin v. Department of the Navy*, 38 F.3d 563, 565 (Fed. Cir. 1994). In resolving the issue of how a charge should be construed, the Board examines the structure and language of the proposal notice and the decision notice, as well as the accompanying specifications and circumstances. *George v. Department of the Army*, 104 M.S.P.R. 596, ¶ 7 (2007), *aff'd*, 263 F. App'x 889 (Fed. Cir. 2008).

Here, although the administrative judge did not explicitly split the charge of violation of agency policy into two charges, he properly identified two violations of agency policy that comprised separate acts of misconduct. ID at 5-8. The allegation that the appellant failed to submit MOA within 5 working days of an activity, or as soon as is practicable thereafter, in violation of SAH paragraph 12.4(B), is distinct from the allegation that he inaccurately dated MOA

in violation of SAH paragraph 12.4(C)(4)(a). IAF, Tab 20 at 38-40. In other words, the appellant could have failed to timely submit MOA but still accurately dated the MOA, or vice versa. Moreover, each specification set forth under the charge of violation of agency policy contained the elements to potentially support a violation of both agency policies at issue. IAF, Tab 8 at 5-8. Accordingly, we find that the agency charged the appellant with two independent violations of agency policy, which we consider as two separate charges of violation of agency policy.

Neither the appellant nor the agency dispute the administrative judge's finding that the agency did not prove the first charge of violation of agency policy because it did not show that the appellant failed to submit MOA as soon as was practicable after the activity described in the MOA, and we discern no reason to disturb the administrative judge's findings, as the record reflects that he considered the evidence as a whole, drew appropriate inferences from the evidence, and made reasoned conclusions on the issue of credibility. ID at 5-7; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

We have found that the original charge of violation of agency policy must be split into two charges. Next, we construe the appellant's argument—that the fact that he submitted MOA reflecting inaccurate dates or failing to contain a date was not an element of the charge or specifications—to allege that he lacked notice of the second charge of violation of agency policy. PFR File, Tab 1 at 8. An employee must receive advanced written notice stating the specific reasons for the proposed adverse action in sufficient detail to allow the employee to make an informed reply. *Smith v. Department of the Interior*, 112 M.S.P.R. 173, ¶ 5 (2009); *see* 5 U.S.C. § 7513(b)(1); *Cleveland Board of Education v. Loudermill*,

470 U.S. 532, 546 (1985) (explaining that the essential requirements of constitutional due process for a tenured public employee are notice of the charges against him, with an explanation of the evidence, and an opportunity for the employee to present his account of events prior to the deprivation of his property right to continued employment). Here, the notice of proposed removal set forth a narrative description following the charge of violation of agency policy that alleged that the appellant's MOA were "misdated to appear as though they had been prepared and signed within the reporting period proscribed in the Special Agent Handbook," and each of the eight specifications set forth either that the date the MOA was signed and dated by the appellant was not the date of signature set forth in the MOA, or that the MOA lacked the date it was signed by the appellant. IAF, Tab 8 at 5-8. Although the agency did not set forth in the notice the language of the agency policy violated, it referred to paragraph 12.4 of the SAH, which sets forth the policy at issue. *Id.*; *see* IAF, Tab 20 at 38-40.

Moreover, the appellant specifically responded to the agency's allegations that the dates of signature set forth in the MOA were not accurate in his reply to the notice of proposed removal. IAF, Tab 7 at 7. When an appellant comes forward and addresses a charge made against him, the Board cannot find that he was not given notice of the charge. *Yinat v. Department of the Army*, 101 M.S.P.R. 328, ¶ 15 (2005). Thus, we find that the appellant received sufficient notice of the second charge of violation of agency policy to make an informed reply to the charge.

Finally, the appellant's argument—that the administrative judge erred in sustaining the second charge of violation of agency policy because the MOA used to support the specifications were approved by his supervisors—is not a defense to the charge, but it is relevant to whether the penalty of removal exceeded the tolerable limits of reasonableness. PFR File, Tab 1 at 8-10; *see Avant v. Department of the Air Force*, 71 M.S.P.R. 192, 201 (1996) (stating that the appellant's argument that his supervisor condoned his misconduct is not a defense

to the charge but is relevant to penalty), *overruled on other grounds by White v. U.S. Postal Service*, 71 M.S.P.R. 521 (1996); *see also Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶¶ 18-19 (2010) (explaining that the appellants' claim that their supervisors authorized or condoned their consumption of alcohol in response to a charge of conduct unbecoming was relevant as a possible mitigating factor to the penalty).  Accordingly, we address this argument below as to whether the administrative judge properly found that the agency's penalty fell within the tolerable limits of reasonableness.

The administrative judge did not err in sustaining the charge of unauthorized use of a law enforcement database.

The appellant also argues that the administrative judge erred in finding the appellant's coworker more credible than the appellant and thus concluding that the agency proved that the appellant engaged in the unauthorized use of a law enforcement database.  PFR File, Tab 1 at 10-12.  It is undisputed that the coworker searched for the appellant's former wife's paramour in two law enforcement databases, and that this search was not conducted for an authorized purpose.  However, the appellant disputed the agency's allegation that he induced his coworker to search the database for the paramour by telling the coworker that the search was for an individual that was bothering one of the appellant's confidential informants.  IAF, Tab 8 at 9-10; PFR File, Tab 1 at 10-11.

The appellant alleges that inconsistencies in his coworker's testimony render his explanation of the events in question implausible; however, we have reviewed the record and find the administrative judge's credibility findings to be supported by the record.  PFR File, Tab 1 at 10-12.  The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  Although the Board may decline to defer to an administrative judge's credibility findings that are abbreviated, based on improper considerations, or unsupported by the

record, *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 13 (2001), it may not overturn an administrative judge's demeanor-based credibility findings merely because it disagrees with those findings, *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372 (Fed. Cir. 2016) (quoting *Haebe*, 288 F.3d at 1299). The administrative judge acknowledged that there was little physical evidence to prove either the appellant's or his coworker's version of the events in question and conducted a detailed assessment of the appellant's and the coworker's testimony, ultimately finding the coworker's version of the events more credible than the appellant's version. ID at 9-13. In particular, the administrative judge found that the appellant's testimony, in which he alleged that his coworker volunteered to conduct the search after the appellant disclosed his marital problems and that the search was not a serious act of misconduct because he could gather information from publicly available sources, was less plausible than the coworker's testimony because he and the coworker were not close friends, and he was on notice that his use of the databases was unauthorized. ID at 10-13. Moreover, the administrative judge observed the appellant's testimony to be rehearsed and evasive, whereas the coworker's testimony was direct and detailed. ID at 12-13.

The appellant alleges that his coworker's failure to tell the FBI about the lunch he had with another special agent, during which he discovered that the alleged confidential informant was the appellant's former wife's paramour, the lack of evidence that the coworker reported the search to one of his supervisors, and the coworker's failure to log the search in an MOA render his testimony implausible. PFR File, Tab 1 at 10-12. However, the special agent with which the coworker had lunch corroborated that the lunch in question occurred. IAF, Tab 39, Hearing Compact Disc (HCD) 3 (testimony of K.H.). The coworker also explained that he would not have logged the search in an MOA because it did not pertain to one of his investigations, and he did not recall whether he had logged the search in his personal log. HCD 1 (testimony of M.R.). Finally, despite the

lack of corroborating evidence of the coworker's testimony that he reported the search to a supervisor, the appellant does not cite evidence contradicting his coworker's testimony, and there is no reason to discredit the testimony. We thus find no reason to disturb the administrative judge's findings regarding the coworker's credibility.

Finally, the appellant does not dispute the administrative judge's findings that he provided the information that initiated the coworker's search for the paramour, that the search was conducted solely for the appellant's personal use, and that the appellant received training on database use, which would have included information that searching databases for personal use is prohibited. ID at 13-15. Thus, regardless of whether the coworker knew that the search was for the appellant's personal use, the administrative judge properly found that the agency proved that the appellant used the databases for an unauthorized purpose.

The penalty of removal is the maximum reasonable penalty for the sustained charges.

On review, the appellant does not dispute the administrative judge's decision to sustain one specification of the lack of candor charge or the finding that the agency proved a nexus between the appellant's misconduct and the efficiency of the service, and we see no reason to disturb the administrative judge's well-reasoned findings on these matters.[2] ID at 15-19; *see Clay*, 123 M.S.P.R. 245, ¶ 6.

The appellant argues, however, that the administrative judge erred in sustaining the penalty of removal because he did not properly sustain the charge of violation of agency policy and did not sustain several of the specifications of the lack of candor charge. PFR File, Tab 1 at 12-13. As set forth above, we find that the charge of violation of agency policy was comprised of violations of two agency policies, properly constituting two separate charges, and that the agency

---

[2] The agency has not challenged the administrative judge's findings that did not sustain portions of the agency's charges. PFR File, Tab 1.

did not prove the first charge but proved the second charge of violation of agency policy, as well as the charge of unauthorized use of a Government database and one specification of lack of candor. Concerning the lack of candor charge, proof of one specification is sufficient to prove the charge as a whole, thus the administrative judge properly sustained the charge upon sustaining one specification of the lack of candor charge. *Burroughs*, 918 F.2d at 172; *Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 29 (2006), *aff'd*, 626 F. Supp. 2d. 1140 (D.N.M. 2009), *aff'd*, 490 F. App'x 932 (10th Cir. 2012).

When, as here, the agency proves fewer than all of its charges, the Board may not independently determine a reasonable penalty. *Lachance v. Devall*, 178 F.3d 1246, 1259 (Fed. Cir. 1999); *Gray v. Government Printing Office*, 111 M.S.P.R. 184, ¶ 18 (2009). Rather, the Board may mitigate to the maximum reasonable penalty so long as the agency has not indicated either in its final decision or during proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges. *Lachance*, 178 F.3d at 1260; *Gray*, 111 M.S.P.R. 184, ¶ 18. Here, the deciding official testified that she would have sustained the penalty of removal if she had sustained any one of the three original charges. HCD 1 (testimony of the deciding official). As such, the Board may impose the same penalty imposed by the agency based on a justification of that penalty as the maximum reasonable penalty after balancing the mitigating factors. *Gray*, 111 M.S.P.R. 184, ¶ 18. The Board's function regarding its review of an agency's penalty selection is not to displace management's responsibility, but to determine whether management exercised its judgment within the tolerable limits of reasonableness. *Id.* As set forth below, the appellant's allegation that the sustained charges do not support the penalty of removal is without merit.

<u>The appellant has not shown that he was subjected to a disparate penalty.</u>

On review, the appellant alleges that the administrative judge erred in finding that three employees were not similarly situated to the appellant; he contends that the three employees were placed on administrative leave for more

egregious violations of agency policy but were returned to work. PFR File, Tab 1 at 13-15. The appellant also appears to argue that the administrative judge improperly evaluated certain *Douglas* factors in reference to the alleged comparator employees.[3] *Id.* at 14-15. Although the administrative judge acknowledged that the agency treated the appellant and the three alleged comparators differently, he found that the misconduct was not comparable because the other three employees were not charged with the same offenses as the appellant.[4] ID at 23-24.

Among the factors an agency should consider in setting the penalty for misconduct is the "consistency of the penalty with those imposed upon other employees for the same or similar offenses." *Douglas v. Veterans Administration,* 5 M.S.P.R. 280, 305 (1981). In assessing the agency's penalty determination, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Singh*, 2022 MSPB 15, ¶ 14; *see Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988) (providing that a person does not have a legally protected interest in the evenness of a misconduct penalty assessed on him compared to that assessed on others unless employees are knowingly treated differently "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service"). To establish disparate penalties among employees, the appellant must show that "the charges and the circumstances surrounding the charged behavior are substantially similar." *Miskill v. Social Security Administration*, 863 F.3d 1379, 1384 (Fed. Cir. 2017). The universe of potential comparators will vary from case to case, but

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors to be considered when evaluating the penalty to be imposed for an act of misconduct.

[4] The administrative judge also considered whether M.R. was similarly situated to the appellant but did not find that they engaged in similar misconduct, and the appellant does not dispute this finding on review. ID at 23-24.

it should be limited to those employees whose misconduct or other circumstances closely resemble those of the appellant. *Singh*, 2022 MSPB 15, ¶ 13.

Here, each of the three alleged comparators worked as criminal investigators in the McAllen field office, and each alleged comparator was placed on administrative leave pending the outcome of the investigation of the McAllen field office, but none of the comparators were ultimately disciplined. IAF, Tab 8 at 17; Tab 32 at 113-21; HCD 2 (testimony of E.C., R.G., and R.V.). The appellant alleged that the three employees engaged in similar misconduct to his because they were placed on administrative leave for violating agency policy by creating fraudulent MOA. PFR File, Tab 1 at 13-15. However, the administrative judge properly found that the three employees did not engage in the same or similar offenses as the appellant. ID at 23-24. Although the appellant and the three comparator employees engaged in conduct that amounted to violations of paragraph 12.4 of the SAH, none of the comparator employees also engaged in the unauthorized use of a law enforcement database. HCD 2 (testimony of E.C., R.G., and R.V.). Moreover, there is no evidence that the comparator employees lacked candor; to the contrary, the deciding official and the three comparator employees testified that the comparator employees affirmatively notified agency or FBI investigators of improper MOA preparation. HCD 1 (testimony of the deciding official); HCD 2 (testimony of the deciding official, E.C., R.G., and R.V.).

The appellant argues that *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640 (2012), supports his argument that the three employees are comparable even though he engaged in more misconduct than the other three employees. PFR File, Tab 1 at 13. However, the Board recently reexamined the disparate penalty analysis in *Boucher* and its progeny and determined that the Board in *Boucher* did not find that the comparator employees at issue had engaged in the same or similar offenses as the appellant, as required by *Douglas*, 5 M.S.P.R. at 305. *Singh,* 2022 MSPB 15, ¶ 17. The Board thus overruled *Boucher* to the extent that

it held that the disparate penalty analysis should extend beyond the same or similar offenses. *Id.* Under *Singh*, the Board will not attempt to weigh the relative seriousness of various offenses to determine whether two employees who committed different acts of misconduct were treated disparately. *Id.* Rather, the misconduct of similarly situated employees must closely resemble that of the appellant. *Id.*, ¶ 13. Here, the appellant's unauthorized use of a Government database and lack of candor rendered his misconduct incomparable to that of the other three employees, who only arguably violated agency policy in their preparation of MOA. ID at 23-24; *see Singh*, 2022 MSPB 15, ¶¶ 16-17 (concluding that *Boucher* did not find that the comparator had engaged in the same or similar misconduct as the appellant when, among other factors, the appellant was charged with possession of both marijuana and cocaine, but the comparator was charged only with possession of marijuana and was not arrested on or near agency property).

Moreover, the consistency of the penalty with those imposed upon other employees for the same or similar offenses is simply one of a nonexhaustive list of 12 factors that are relevant for consideration in determining the appropriateness of a penalty. *Singh*, 2022 MSPB 15, ¶ 18. Our review of each of the factors considered by the deciding official in determining that removal was the appropriate penalty leads us to conclude that removal is the maximum reasonable penalty to be imposed for the charges sustained.

The deciding official considered the relevant *Douglas* factors in sustaining the penalty of removal.

The most important factor in assessing whether the agency's chosen penalty falls within the tolerable limits of reasonableness is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities. *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010). As set forth in the administrative judge's findings, the deciding official testified that she considered the appellant's misconduct very serious, particularly

because the appellant's credibility was necessary to his position as a law enforcement officer and a senior criminal investigator in the McAllen field office who interacted with the public and other law enforcement agencies. HCD 1 (testimony of the deciding official). She also testified that she held the appellant to a higher standard because he was a law enforcement officer and investigator for the OIG, and thus he must be beyond reproach as a "guard of the guards." *Id.* The deciding official further testified that she was no longer confident in his ability to prepare accurate information as a criminal investigator. *Id.*

The deciding official also found that the appellant could not be rehabilitated because he made excuses for his behavior and downplayed the seriousness of backdating MOA; moreover, he did not express remorse for his actions. *Id.* She further testified that she considered that the appellant's misconduct reflected poorly on the reputation of the agency's agents. *Id.* The deciding official also testified that she considered the appellant's lack of a past disciplinary history, his years of service, his demanding position and challenging workload, and his marital problems as mitigating factors, but she found that these mitigating factors did not outweigh the seriousness of the offense and other aggravating factors. *Id.*

In reviewing the penalty of removal, the administrative judge found the deciding official's testimony regarding her considerations credible and concurred in her assessment of the *Douglas* factors. ID at 19-26. He also considered the appellant's argument that the agency's decision to investigate and remove him was in retaliation for declining to cooperate with the FBI investigation and the exercise of his Fifth Amendment right not to testify before a grand jury investigating the McAllen office, but the administrative judge found no evidence of retaliation. ID at 24-25. On review, the appellant argues that the administrative judge erred in finding no retaliation because, unlike the three other employees he alleged committed similar misconduct, he did not falsify MOA and thus did not have any evidence against his supervisors. PFR File, Tab 1 at 15-16.

The appellant's argument is premised on the testimony of certain agency officials that they believed the appellant to be withholding information regarding the McAllen office investigation and that the proposing official considered that three employees cooperated with the FBI investigation and testified against their supervisor in determining the penalty to impose against other employees. IAF, Tab 8 at 17; HCD 1 (testimony of the proposing official); HCD 2 (testimony of D.G.); PFR File, Tab 1 at 15-16. Thus, the appellant's argument is directed not at retaliation for the exercise of a constitutional right but at the agency's rejection of the other employees as comparators because they were forthcoming about their actions in connection with the events giving rise to the McAllen office investigation, whereas the appellant was not forthcoming. As set forth above, even if these three employees could be considered to have committed the same misconduct as the appellant regarding the preparation of MOA, they cannot be considered comparators because they did not commit the additional misconduct that the appellant committed.

The administrative judge also considered the appellant's argument that backdating MOA was a common practice in the McAllen field office as part of his analysis of the charge of violation of agency policy, but he did not examine the appellant's argument that his supervisors condoned the errors in the dates on which he signed MOA as part of the penalty analysis. ID at 7-8. Although the issue of whether the appellant's supervisors condoned the errors in the dates the appellant signed MOA by signing the MOA themselves could serve to mitigate the penalty, it is not necessary to determine the extent to which it could serve as a mitigating factor because we find that the penalty of removal falls within the tolerable limits of reasonableness for the appellant's other misconduct. *See Canada*, 113 M.S.P.R. 509, ¶¶ 19-20. The deciding official considered the appellant's unauthorized access of a law enforcement database serious because it could constitute criminal conduct, and she similarly considered his lack of candor serious given that it reflected poorly on his credibility and ability to perform his

duties as a law enforcement officer. HCD 1 (testimony of the deciding official). We find, as did the administrative judge, that it was appropriate for the deciding official to hold a law enforcement officer to a higher standard of conduct, particularly when the appellant's misconduct implicated his honesty and integrity. *See Jones v. Department of Justice*, 87 M.S.P.R. 91, ¶ 12 (2000) (finding that despite his 25 years of Federal service, removal was a reasonable penalty for an immigration inspector who provided false information). The appellant's misconduct was extremely serious, particularly for a law enforcement officer who investigated other agency employees' criminal misconduct. IAF, Tab 8 at 16-17. We find that the deciding official considered the factors most relevant to the penalty in this case and reasonably exercised her management discretion; thus, the penalty of removal falls within the tolerable limits of reasonableness as to the remaining two charges. We affirm the administrative judge's initial decision sustaining the appellant's removal.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Jennifer Everling*

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.