NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3003

JEFFREY L. LLOYD, SR.,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED: April 7, 2006

_____

Before MICHEL, Chief Judge, NEWMAN, and MAYER, Circuit Judges.

PER CURIAM.

Jeffrey L. Lloyd, Sr. appeals from the final decision of the Merit Systems Protection Board, which affirmed his removal based on the charges of unauthorized possession and misuse of government property, but modified the initial decision by not sustaining the charge of false statements, misrepresentations, and concealment of material facts. Lloyd v. Dep't of the Army, 99 M.S.P.R. 342 (2005). We affirm.

We must affirm the board's decision unless it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000). Lloyd argues on appeal, inter alia, that the living quarters allowance ("LQA") funds he was advanced were not government property once they were in his possession. However, Lloyd signed a statement of understanding providing that the funds would be given to the landlord and would be used for no other purpose than as set forth in an approved lease. The lease for which he was approved required advance payment for the entire lease term. Therefore, although the LQA funds were in Lloyd's possession, he did not own them outright and the government retained a property interest in them. Moreover, the government's statutory authority under 5 U.S.C. § 5922(b)[*] to recover those funds by setoff against Lloyd's pay did not alter its interest in them. Thus, the board properly found the funds to be government property. And, because, as Lloyd admitted, he was required to use the advanced LQA funds within ten days to pay the landlord for the entire lease term, substantial evidence supports the board's conclusion that he possessed those funds without authorization and misused them.

---

[*] 5 U.S.C. § 5922(b) provides in pertinent part:
(b) Allowances granted under this subchapter may be paid in advance, or advance of funds may be made therefor, through the proper disbursing official in such sums as are considered advisable in consideration of the need and the period of time during which expenditures must be made in advance by the employee. An advance of funds not subsequently covered by allowances accrued to the employee under this subchapter is recoverable by the Government by—
(1) setoff against accrued pay, compensation, amount of retirement credit, or other amount due the employee from the Government; and
(2) such other method as is provided by law for the recovery of amounts owing to the Government.

Lloyd also contends that the penalty of removal was unreasonable. However, we "cannot and will not disturb a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis demonstrating reasonableness." Dominguez v. Dep't of the Air Force, 803 F.2d 680, 684 (Fed. Cir. 1986) (citing Gonzales v. Defense Logistics Agency, 772 F.2d 887 (Fed. Cir. 1985)). Here, the penalty is not outside those permissible bounds. The agency properly construed the Douglas factors and imposed a penalty within the table of penalties for the substantiated charges. Although the board only sustained two of the three charges initially brought against Lloyd, we see nothing in the record to indicate that the agency desired a lesser penalty absent the unsubstantiated charge. We also believe, despite Lloyd's argument to the contrary, that the unauthorized possession and misuse charges describe "two separate acts of misconduct that are not dependent upon each other and that do not comprise a single, inseparable event." See Chauvin v. Dep't of the Navy, 38 F.3d 563, 565 (Fed. Cir. 1994).

Finally, Lloyd has not established any harmful procedural errors. He was removed in response to the amended notice of proposed removal, and he was given adequate time to respond, and did respond, to those amended charges.