# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN SUROWIECKI,

Appellant,

v.

DEPARTMENT OF HOMELAND
   SECURITY,

Agency.

DOCKET NUMBER
SF-0752-18-0678-I-1

DATE: July 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeffrey H. Jacobson</u>, Esquire, Tucson, Arizona, for the appellant.

<u>Cary Elizabeth Zuk</u>, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal for misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED with respect to the administrative judge's analysis of the first charge and to address the deciding official's failure to afford proper weight to the applicable mitigating penalty factors, we AFFIRM the initial decision.

## BACKGROUND

¶2        Effective July 10, 2018, the agency removed the appellant from his GS-13 Supervisory Detention and Deportation Officer position based on three charges: (1) conduct unbecoming (five specifications); (2) violation of agency policy on Government-issued mobile device (one specification); and (3) lack of candor (two specifications).  Initial Appeal File (IAF), Tab 5 at 14-25, 106-13.  Charge 1 pertained to the appellant's harassing actions toward his ex-girlfriend in the wake of their breakup, Charge 2 pertained to the appellant using his Government-issued cellphone to send a pornographic image to his ex-girlfriend, and Charge 3 pertained to the appellant's responses to a Seattle Police Department inquiry regarding his actions toward his ex-girlfriend.  *Id.* at 107-09.

¶3        The appellant filed a Board appeal challenging the removal and raising affirmative defenses of harmful error and denial of due process.  IAF, Tab 1.  After a hearing, the administrative judge issued an initial decision affirming the removal.  IAF, Tab 41, Initial Decision (ID).  He sustained each of the three

charges at issue, although only three specifications of Charge 1. ID at 3-17. He found the affirmative defenses to be unproven and the penalty to be reasonable. ID at 17-26.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 10. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply to the agency's response.[2] PFR File, Tabs 12-13.

## ANALYSIS

The administrative judge did not abuse his discretion in ruling on discovery matters.

¶5 The appellant asserts on review that the administrative judge erred by denying his motion for a subpoena duces tecum. PFR File, Tab 10 at 9-10; IAF, Tab 2 at 2-3, Tab 17 at 1, Tab 24. An administrative judge has broad authority in discovery matters, and absent an abuse of discretion, the Board will not substitute its judgment for that of an administrative judge. *Bayne v. Department of Energy*, 34 M.S.P.R. 439, 443 (1987), *aff'd*, 848 F.2d 1244 (Fed. Cir. 1988); *see* 5 C.F.R. § 1201.41(b)(4). We find that the administrative judge did not abuse his discretion in denying the appellant's motion for a subpoena duces tecum because, as the administrative judge correctly noted, IAF, Tab 30 at 2-4, the motion did not include the information required under 5 C.F.R. § 1201.73(c)(1). *See Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 12 (2015) (finding that the administrative judge did not abuse her discretion in denying a motion to compel that failed to comply with the procedural requirements of 5 C.F.R. § 1201.73).

The administrative judge correctly sustained Charge 1.

¶6 The agency brought five specifications under Charge 1. PFR File, Tab 5 at 107-08. The decision letter, however, only expressly sustained Specification 1. IAF, Tab 5 at 16. The appellant argued below that Specification 1 is the sole

---

[2] The agency has moved for leave to file an additional pleading regarding issues raised in the appellant's reply. PFR File, Tab 14. The agency's motion is denied.

specification for the Board to adjudicate. IAF, Tab 39 at 4-7. The administrative judge considered the appellant's argument, but found that the language of the decision letter as a whole made it clear that the deciding official sustained all five specifications, sustaining specifications 2, 4, and 5, all of which pertained to texts and emails that the appellant sent to his ex-girlfriend after they broke up. ID at 5-11.

¶7    On review, the appellant renews his argument that the deciding official only sustained specification 1 of Charge 1, and he disputes the administrative judge's analysis of the issue. PFR File, Tab 10 at 11-13. We find, for the reasons explained in the initial decision, that the deciding official sustained all five specifications of Charge 1. ID at 4-5; IAF, Tab 5 at 16. In discussing that charge, the deciding official specifically stated that the appellant "used a government iPhone to send a pornographic image to [his] ex-girlfriend" and contacted her "multiple times after she asked [him] to stop contacting her." IAF, Tab 5 at 16. This discussion is clearly referring to specifications 2 through 5 and leaves no doubt that the deciding official found that the appellant engaged in the misconduct alleged therein. IAF, Tab 5 at 16, 107-08. The appellant has not advanced any other plausible interpretation of this language.

¶8    The administrative judge found that "the appellant himself understood that specifications 2-5 had been sustained, in addition to specification 1, as he testified about each of them at hearing." ID at 4-5. The appellant persuasively argues that the administrative judge improperly gave him the choice between staying silent on these specifications and risking a tacit admission or defending against those specifications and waiving his argument that the deciding official had not sustained them. PFR File, Tab 10 at 13. Parties to a Board appeal are permitted to plead in the alternative, *Tompkins v. Department of the Navy*, 80 M.S.P.R. 529, ¶ 9 (1999), and we do not construe the appellant's arguments on the merits of these specifications to constitute any sort of waiver. We do find, however, that the appellant's arguments in this regard show that he was not

unfairly surprised that these specifications were at issue in the proceedings below.

¶9 The appellant does not contest the administrative judge's factual findings regarding specifications 2, 4, and 5, and for the reasons explained in the initial decision, we agree with the administrative judge that the agency proved these specifications. ID at 7-11. Thus, the administrative judge properly sustained Charge 1. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (finding that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

The administrative judge correctly sustained Charges 2 and 3.

¶10 Under Charge 2, the agency alleged that the appellant violated U.S. Immigration and Customs Enforcement policy by using his Government-issued cellphone to transmit a pornographic image to his ex-girlfriend. IAF, Tab 5 at 109. The deciding official sustained this charge and so did the administrative judge. IAF, Tab 5 at 16; ID at 11-12. The appellant does not dispute this charge on review, and for the reasons explained in the initial decision, we find that the agency proved Charge 2. ID at 11-12.

¶11 Charge 3 is a lack of candor charge, IAF, Tab 5 at 109, which requires proof that: (1) the employee gave incorrect or incomplete information; and (2) he did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). The agency brought two specifications under this charge. Under specification 1, the agency alleged that a detective from the Seattle Police Department asked the appellant whether he used his work phone to send the pornographic image to his ex-girlfriend, and the appellant deceptively responded "Um . . . No, it was sent from my laptop to her." IAF, Tab 5 at 109. Under specification 2, the agency alleged that the appellant told this same detective that his ex-girlfriend asked him to send her the image, but in reality, she only asked

him to send her a link to the image after he had already sent her the image itself and suggested that it was of her. *Id*.

¶12    On review, the appellant argues that the information that he provided the detective was true and that he did not knowingly attempt to deceive the detective. PFR File, Tab 10 at 21-24. We have carefully reviewed the record and find the appellant's argument unpersuasive because it conflates the transmission of the image with the transmission of a link to the image. ID at 13-15; IAF, Tab 6 at 66-67; PFR File, Tab 10 at 22-23. The detective's initial question was whether the appellant used his Government-issued cellphone to transmit the image, which the appellant flatly and inaccurately denied.[3] IAF, Tab 6 at 36-37, 67. It was not until the detective asked the appellant about the link that the appellant stated he could not remember how he sent it. *Id*. at 67. Therefore, the administrative judge correctly found that the appellant provided inaccurate information with respect to his transmission of the image itself. ID at 14-15; IAF, Tab 5 at 109.

¶13    While they were still talking about the image, the appellant volunteered to the detective that his ex-girlfriend asked him to send it. IAF, Tab 6 at 67. This again was inaccurate. The record clearly shows that the appellant sent this image unsolicited and that his ex-girlfriend was surprised at receiving it. *Id*. at 36-38. It was not until the appellant represented to his ex-girlfriend that the image was of her that she requested a link to it. *Id*. at 38-39. Therefore, the administrative judge correctly found that the appellant inaccurately represented to the detective that his ex-girlfriend requested the image. ID at 16-17; IAF, Tab 5 at 109.

¶14    Having established that the appellant gave the detective incorrect information as charged, the next question is whether he conveyed this information knowing that it was incorrect or incomplete. *Parkinson v. Department of Justice*, 815 F.3d 757, 765-66 (Fed. Cir. 2016, *aff'd in part and rev'd in part*, 874 F.3d

---

[3] The appellant asserts that "How he sent the picture is neither material nor germane in the context of a lack of candor analysis." PFR File, Tab 10 at 23. However, under Charge 3, specification 1 as worded, the appellant's method of transmitting the image is the very crux of the matter. IAF, Tab 5 at 109.

712 (Fed. Cir. 2017) (en banc). On review, the appellant argues that receiving this call from the detective rattled him and that he sent a large number of text messages during the time period at issue, both of which made it difficult for him to recall certain details. PFR File, Tab 10 at 21, 23. He points out that he suggested that the detective examine his ex-girlfriend's cellphone, where a definitive answer to the detective's questions could be found, and he argues that such behavior is inconsistent with a knowing concealment of the truth. PFR File, Tab 10 at 22-23; IAF, Tab 6 at 67. The administrative judge thoroughly considered these arguments and found them unpersuasive based at least in part on his assessment of the appellant's credibility. ID at 15-16. The appellant has not proffered sufficiently sound reasons to set aside the administrative judge's findings. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing).

¶15 The appellant further argues that the detective himself understood that the appellant could not recall how he had transmitted the image. PFR File, Tab 10 at 22; HT at 99 (testimony of the detective). The detective's opinion as to whether the appellant was truthful during his interview is not particularly relevant because the Board reviews the evidence de novo. In any event, if the appellant could not recall how he had transmitted the image, a truthful answer would have been "I cannot recall," not a false statement that he transmitted the image from his laptop.

¶16 Finally, the appellant argues that an honest but mistaken representation does not constitute a lack of candor, citing *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002). PFR File, Tab 10 at 23-24. However, the administrative judge expressly found that the appellant's misrepresentations during the police interview were not honest mistakes. ID at 15-17. For these reasons, we affirm the administrative judge's findings with respect to Charge 3.

## The agency established a nexus between the appellant's misconduct and the efficiency of the service.

¶17     The appellant also argues on review that the administrative judge erred by finding a nexus between his misconduct and the efficiency of the service. PFR File, Tab 10 at 13-16. However, the administrative judge correctly found that the appellant's use of his Government-issued cellphone to transmit the text messages at issue in Charge 2 and specifications 2 and 4 of Charge 1 establishes the requisite nexus between the described misconduct and the efficiency of the service. ID at 20; *see Lowell v. Department of the Air Force*, 11 M.S.P.R. 453, 454-55 (1982) (finding nexus where the appellant's off-duty misconduct occurred on agency property). As to the appellant's lack of candor, the agency has demonstrated that it requires its law enforcement officers to be honest and trustworthy and that it can no longer trust the appellant because he has demonstrated an absence of those qualities and a lack of judgment. Hearing Transcript (HT) at 173 (testimony of the deciding official); *see Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶¶ 10-11 (2010) (finding nexus in light of the appellants' supervisory law enforcement positions and the lack of judgment exhibited by their off-duty conduct); *Austin v. Department of Justice*, 11 M.S.P.R. 255, 259 (1982) (finding nexus between a law enforcement officer's off-duty shoplifting and the efficiency of the service because the misconduct had a significant effect on his reputation for honesty and integrity).

## The penalty of removal is within the bounds of reasonableness.

¶18     When, as here, all of the agency's charges are sustained but some of the specifications are not, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996). The Board will disturb the agency's chosen penalty only if it finds that the agency failed to weigh relevant factors or that the agency's judgment clearly exceeded

the limits of reasonableness. *Toth v. U.S. Postal Service*, 76 M.S.P.R. 36, 39 (1997); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).

¶19 In this case, the deciding official found the lack of candor charge to be the most serious of the sustained charges, especially considering the appellant's status as a law enforcement officer in an agency that handles sensitive information. HT at 173 (testimony of the deciding official). In particular, she found that this matter would be subject to disclosure under *Giglio v. United States*, 405 U.S. 150 (1972), should the appellant ever be called to testify in his official capacity. *Id*. (testimony of the deciding official). In light of these and other factors, the deciding official found that removal was the most appropriate penalty. IAF, Tab 5 at 17, 22-25. The administrative judge upheld the penalty, finding that the deciding official considered the relevant penalty factors and exercised her discretion within the tolerable limits of reasonableness. ID at 23-26. The appellant alleges on review that the penalty of removal is excessive. PFR Fie, Tab 10 at 16-19.

¶20 We agree with the appellant that the deciding official failed to give proper consideration to his nearly 20 years of discipline-free service. PFR File, Tab 10 at 17; IAF, Tab 5 at 23. In her penalty factors review sheet, the deciding official acknowledged that the appellant had no disciplinary record, but she did not indicate how this factored into her decision. IAF, Tab 5 at 23. At the hearing, she testified that the appellant's lack of prior discipline was a "neutral" factor. HT at 182 (testimony of the deciding official).

¶21 The Board has repeatedly held that long service without prior discipline is a significant mitigating factor. *See, e.g.*, *Von Muller v. Department of Energy*, 101 M.S.P.R. 91, ¶¶ 2, 23 (finding that the appellant's lack of prior discipline over 21 years of service was a significant mitigating factor), *aff'd*, 204 F. App'x 17 (Fed. Cir. 2006); *Lloyd v. Department of the Army*, 99 M.S.P.R. 342, ¶ 14 (2005) (finding that 19 years of discipline-free service was a significant mitigating factor), *aff'd per curiam*, 180 F. App'x 911 (Fed. Cir. 2006); *Gibb v.*

*Department of the Treasury*, 88 M.S.P.R. 135, ¶ 33 (2001) (considering 20 years of discipline-free service in mitigating the removal penalty). In *Chin v. Department of Defense*, 2022 MSPB 34, ¶¶ 26-27, the Board found that the agency's penalty determination was not entitled to deference because the deciding official failed to consider the appellant's 30 years of satisfactory service, characterizing these factors as "neutral." As we did in *Chin*, we find that the deciding official here did not seriously consider the most significant mitigating factors in this case and that her penalty analysis was therefore not sufficiently substantive. *Chin*, 2022 MSPB 34, ¶ 27; *see Stulmacher v. U.S. Postal Service*, 89 M.S.P.R. 272, ¶ 24 (2001) (finding that it was appropriate not to defer to the deciding official's penalty determination because his treatment of the mitigating factors was not sufficiently substantive); *Omites v. U.S. Postal Service*, 87 M.S.P.R. 223, ¶ 11 (2000) (finding that the administrative judge correctly did not defer to the agency's penalty determination because the agency failed to seriously consider the relevant *Douglas* factors). Accordingly, we decline to defer to the agency's penalty determination and will instead independently assess the penalty in light of the relevant *Douglas* factors. *See Brown v. Department of the Treasury*, 91 M.S.P.R. 60, ¶ 17 (2002).

¶22     We find the lack of candor charge to be serious, particularly in light of the appellant's position as a supervisory law enforcement officer. *See Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶¶ 1, 6 (2005) (finding supervisory police officers' lack of candor to be a serious offense); *McManus v. Department of Justice*, 81 M.S.P.R. 672, 676 (1999) (finding that supervisory law enforcement officers are properly held to a higher standard of conduct); *Wayne v. Department of the Navy*, 55 M.S.P.R. 322, 330 (1992) (finding that the seriousness of a falsification offense is increased when the appellant is a law enforcement officer). We also find that the charges concerning the appellant's off-duty harassing behavior and the misuse of his Government-issued cellphone are significant because they call into question his judgement and his ability to

follow the rules. *See Martin v. Department of Transportation*, 103 M.S.P.R. 153, ¶ 13 (2006) (finding that misuse of a Government computer was serious misconduct for a supervisor who was required to enforce against his subordinates the very policies he had violated), *aff'd*, 224 F. App'x 974 (Fed. Cir. 2007); *Lindsay v. Department of Justice*, 9 M.S.P.R. 55, 58 (1981) (finding that the appellant's position required a high degree of judgment and that her off-duty misconduct indicated a failure in the exercise of that judgment). We also find that the appellant's likely *Giglio* impairment weighs in favor of a sterner penalty. HT at 173 (testimony of the deciding official).

¶23 In addition, we find that the appellant's 20 years of service at a high level of performance and with no disciplinary record are significant mitigating factors. IAF, Tab 32 at 5-147. We have therefore considered whether a lesser penalty might offer sufficient correction while allowing him to continue providing useful and efficient service to the agency. *See Douglas*, 5 M.S.P.R. at 306 (identifying the availability and effectiveness of lesser alternative sanctions as a relevant penalty factor). Nevertheless, we find that the appellant's lack of remorse for his misconduct casts serious doubt on his rehabilitative potential, and for that reason, we strike the ultimate balance in favor of removal. *See Wiley v. U.S. Postal Service*, 102 M.S.P.R. 535, ¶ 18 (2006) (finding that the appellant's failure to take responsibility for his misconduct and his lack of remorse demonstrated a lack of rehabilitative potential), *aff'd*, 218 F. App'x 1001 (Fed. Cir. 2007). Although the appellant apologized for his harassing behavior at the hearing, he rationalized it in the same breath as an attempt to recover some of his property, which was only partly true.[4] HT at 222-23 (testimony of the appellant); *see Neuman v. U.S. Postal Service*, 108 M.S.P.R. 200, ¶ 26 (2008) ("[The deciding official] did not err in considering that the appellant's rationalizations and lack of remorse indicated little rehabilitation potential and were aggravating factors.").

---

[4] The administrative judge did not sustain the two specifications relating to the appellant's attempts to recover his property. ID at 5-7, 8-9.

Furthermore, the record indicates that the first time that the appellant expressed remorse for how his conduct adversely affected others was at the Board hearing, which further diminishes its value.[5] *See Saiz v. Department of the Navy*, 122 M.S.P.R. 521, ¶ 13 (2015). Notably, the appellant has not expressed any remorse regarding his lack of candor. We acknowledge that the appellant has been making some attempts at self-improvement, HT at 223-24 (testimony of the appellant), but we find that this evidence is insufficient to tip the balance in favor of a lesser penalty.

¶24    We have considered the appellant's remaining arguments on review and find that none of them warrant disturbing the initial decision, Accordingly, the appellant's removal is affirmed.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[5] In reply to the notice of proposed removal, the appellant stated that he "realize[d] some of [his] behavior in these situations need[ed] improvement," and he expressed regret at how his behavior had negative repercussions for him and his career. IAF, Tab 5 at34.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board
Washington, D.C.